## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DERRICK WILSON,<br>　　　　Appellant, | DOCKET NUMBER<br>DC-0351-25-3941-I-1 |
| v. | |
| COMMODITY FUTURES TRADING<br>　COMMISSION,<br>　　　　Agency. | DATE:  July 20, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Derrick Wilson, Upper Marlboro, Maryland, pro se.

Meghan Tente, Esquire; Brooks Anderson, Esquire; Anne W Stukes, Esquire, Michelle Li, Esquire, and Alpana Kastoori Gupta, Esquire, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On August 14, 2025, the appellant filed a Board appeal challenging his separation from the agency, effective July 23, 2025. Initial Appeal File (IAF), Tab 1. On August 18, 2025, the administrative judge issued an order acknowledging the appeal and setting forth response deadlines. IAF, Tab 2. That same day, the appellant filed a pleading titled, "Request to Withdraw Appeal." IAF, Tab 3. The pleading text also identified the purpose of the pleading as a "Request to Withdraw Appeal" and did not include a narrative statement or any other information. *Id.* Also on August 18, 2025, the administrative judge issued an order stating her intention to dismiss the appeal as withdrawn, consistent with the appellant's apparent desire. IAF, Tab 5. The order informed the appellant that the withdrawal of an appeal is an act of finality, and that once the appeal was dismissed as withdrawn, the appellant would relinquish his right to reinstate his appeal. *Id.* at 1-2. The order stated that it appeared the appellant had clearly and unequivocally requested to withdraw his appeal, but that if he did not wish to withdraw his appeal, he must file a submission indicating so on or before August 25, 2025. *Id.* at 2. On August 27, 2025, the administrative judge issued an initial decision dismissing the appeal as withdrawn. IAF, Tab 6, Initial Decision (ID) at 1-2.

The appellant timely filed a petition for review asserting that after he submitted his withdrawal request, he received "new guidance" indicating that he should continue to pursue his Board appeal and that he subsequently attempted to rescind his withdrawal request but the administrative judge failed to consider his request. Petition for Review (PFR) File, Tab 1 at 4-5. Consequently, he argues that the administrative judge erred by dismissing his appeal as

withdrawn. *Id.* The agency has filed a response in opposition to the petition for review, and the appellant has submitted a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Small v. Department of Homeland Security*, 112 M.S.P.R. 191, ¶ 4 (2009); *Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 7 (2007). However, a relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action. *Rose*, 106 M.S.P.R. 611, ¶ 7. Further, the Board may relieve an appellant of the consequences of his decision to withdraw an appeal when the decision was based on misleading or incorrect information provided by the Board or the agency. *Id.*

In arguing on review that the administrative judge erred by dismissing his appeal as withdrawn in this case, the appellant alleges that he attempted to refile his Board appeal after he submitted his August 18, 2025 request to withdraw the appeal, but before the administrative judge issued the August 27, 2025 initial decision dismissing the appeal as withdrawn. PFR File, Tab 1 at 4. In his reply to the agency's response to the petition for review, the appellant clarifies that on August 22, 2025, he filed the new Board appeal in an attempt to "correct" his earlier withdrawal, but the pleading was treated as a duplicate filing and was not processed. PFR File, Tab 4 at 4. The appellant states that on September 2, 2025, after the initial decision dismissing the first Board appeal had been issued, he received a notice from the Supervisory Paralegal Specialist in the Washington Regional Office informing him that his second appeal appeared to be a duplicate appeal and that it had been deleted from the e-Appeal database. *Id.* He also attaches a copy of the September 2, 2025 notice of deletion. *Id.* at 6.

Because the appellant filed his second Board appeal within the time limit identified in the administrative judge's order directing him to specify whether he intended to withdraw his appeal, that second appeal should have been considered as a potential request to rescind his August 18, 2025 withdrawal request. Based on the facts before us, and considering the appellant's pro se status, we conclude that the appellant's August 18, 2025 request to withdraw his appeal was not clear, unequivocal, and decisive. *See Rose*, 106 M.S.P.R. 611, ¶ 7. Accordingly, we vacate the initial decision and remand the appeal to the regional office for further adjudication.[2]

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[2] The appeal was dismissed prior to any jurisdictional determination, and the existing record is insufficiently developed to make jurisdictional findings. On remand, the administrative judge should develop the record on the issue of jurisdiction and make appropriate findings.